**Avron ROSENBERG, Appellant,**

**v.**

**Geraldine ROSENBERG, Respondent.**

**No. C2–86–1860.**

Court of Appeals of Minnesota.

March 31, 1987.

Review Denied May 28, 1987.

Gerald M. Singer, John P. Sheehy, Meshbesher, Singer & Spence, Ltd., Minneapolis, for appellant.

Richard W. Johnson, Thomas Utter, Johnson & Utter, Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

This appeal arises from the division of property in a marital dissolution action. In an earlier appeal to this court, *Rosenberg v. Rosenberg*, 379 N.W.2d 580 (Minn.Ct. App.1985), *pet. for rev. denied*, (Minn. Feb. 19, 1986) (*Rosenberg #1*), Geraldine Rosenberg sought a division of a claimed marital interest in an escrow account established to pay a marital debt. This court determined that the escrow account created a marital property expectancy interest and remanded the case to the trial court to establish an equitable division. The trial court awarded Geraldine Rosenberg a 60 percent interest in the escrow fund, applied that percentage to the orginal amount of the fund, and fixed her share at $150,000. Avron Rosenberg appeals the award of a fixed sum. Geraldine Rosenberg claims this appeal is meritless and seeks sanctions. We affirm in part and reverse in part.

## FACTS

In 1981 Avron and Geraldine Rosenberg jointly purchased 46.81 shares of Crystal Foods from Avron's father, Julius Rosenberg, and signed a promissory note for $170,013.92 to secure the purchase price. The note required annual interest payments until the year 2001 when the total principal came due, but if the parties sold the stock within three years of the purchase, the price increased to $250,000 payable at the time of sale. The note also provided that if Julius and his wife, Nessia Rosenberg, died before payment of the note, the amount remaining at their death would be cancelled.

In 1984 Northstar Universal purchased all the outstanding Crystal Foods stock. This purchase included Avron and Geraldine Rosenberg's jointly held shares, for which they received $280,773. The differ-

ence between the purchase price and the $250,000 ($30,773) was divided between Avron and Geraldine Rosenberg. Because of the acceleration provision in the note, the $250,000 principal became due.

Apparently because Julius Rosenberg wished to avoid the tax consequences of receiving the full $250,000 in one payment, he deferred payment by taking a second note which consolidated the obligations of Avron and Geraldine Rosenberg with a similar obligation of Avron's brother, Charles Rosenberg. The security for payment of the second note was an escrow account at Park National Bank. The account contained Avron and Geraldine Rosenberg's $250,000 from the sale of the shares and $150,000 from Charles Rosenberg's stock transaction.

The second promissory note required an initial $50,000 payment and annual payments of $60,000. Because the escrowed $400,000 is unable to generate enough interest to meet the $60,000 annual payments, the escrow account has steadily paid out capital. As of June 3, 1986, the account had been reduced to $308,544.48. The principal will continue to be depleted to pay the debt. The second note also provides a debt forgiveness provision. If both Julius and Nessia Rosenberg die before the debt is discharged, any residue in the escrow account is to be divided among their three sons, Avron, Marvin and Charles.

In the marital dissolution proceedings the trial court awarded the entire debt and the corresponding $250,000 in the escrow account to Avron Rosenberg. The court did not address the forgiveness provision which creates the expectancy interest. Geraldine Rosenberg appealed the trial court's division of property on a number of grounds, including the trial court's failure to award her an expectancy interest in the portion of the escrow account which would revert to Avron Rosenberg at his parents' death.

On appeal this court determined that Avron and Geraldine Rosenberg's portion of the escrow account was marital property established to pay a marital debt. We re-

manded the case to the trial court "for consideration of how the marital interest in the escrowed funds should be divided." *Rosenberg #1*, 379 N.W.2d at 585. The trial court awarded Geraldine Rosenberg $150,000 to be paid upon the death of Julius and Nessia Rosenberg.

## ISSUE

Did the trial court err in awarding respondent a fixed amount rather than a percentage of an expectancy interest in an escrow account?

## ANALYSIS

On remand the trial court applied the same property division to the escrow account as it had to the rest of the marital property; 60 percent to Geraldine Rosenberg and 40 percent to Avron Rosenberg. *See Rosenberg #1.* Neither party disputes this percentage division. The court then applied the 60 percent awarded to Geraldine Rosenberg to the $250,000 principal originally used to fund the escrow account. This is the basis for Geraldine Rosenberg's $150,000 award.

In applying the percentage to this amount, the court has effectively fixed the value of the expectancy interest at $250,-000. This valuation is not supported by the facts. In 1984 the account was funded with $400,000; $150,000 from Charles Rosenberg and $250,000 from the proceeds from Avron and Geraldine's stock sale. By June of 1986 payments on the total debt reduced the escrow account to $308,000. These payments were made from interest earned on the account plus part of the capital. Payments to Julius and Nessia Rosenberg have now totalled $170,000, and Avron's present share of the escrow account is less than $250,000.

The trial court ordered the fixed sum amount be paid to Geraldine Rosenberg upon the death of Julius and Nessia Rosenberg. The time of payment is reasonable in light of the contingency. However, that same contingency makes any fixed sum valuation of the expectancy interest highly speculative. In valuing marital property, the fixed percentage method should be used where present determinations are unacceptably speculative. *Taylor v. Taylor*, 329 N.W.2d 795, 799 (Minn.1983). The trial court's valuation of $250,000 is contrary to the evidence. Because of the contingency, the escrow account cannot reasonably be valued until the death of Julius and Nessia Rosenberg.

## DECISION

We affirm that part of the trial court's decision that awarded Geraldine Rosenberg 60 percent of Avron Rosenberg's reversionary share of the escrow account. We reverse that part of the decision that fixes the amount at $150,000. Geraldine Rosenberg's 60 percent share is to be computed on the amount remaining at the death of Julius and Nessia Rosenberg.

Respondent's request for sanctions against appellant is denied.

Affirmed in part and reversed in part.